## LEWIS SMILEY *vs.* ALBERT BURPEE.

It is not erroneous to permit counsel to make comments on the cross-interrogatories proposed by the adverse party to a witness, who testifies by deposition, and to argue therefrom to the jury that the evidence of that party as given at the trial was incorrect.

IN this case the plaintiff introduced in evidence, at the trial in the superior court, the deposition of Daniel Frisbee. It appeared that the cross-interrogatories were written by the defendant personally. In the closing argument to the jury, the plaintiff's counsel was permitted by *Vose*, J., against the defendant's objection, to comment upon the form of the cross-interrogatories, and to argue therefrom that the evidence of the defendant as to the transaction which was the subject of the controversy must have been erroneous. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. H. Phillips*, for the defendant.

*J. C. Perkins*, for the plaintiff, was not called upon.

BIGELOW, C. J. Interrogatories put to a witness by a party are in the nature of declarations or admissions, and competent evidence against him, and a proper subject of comment by counsel at the trial of a case. We know of no reason or principle which entitles him to be regarded as privileged or exempted from the ordinary rules of evidence applicable to the acts and conduct of a party concerning a matter which is in issue before a jury. It not unfrequently happens that a question may be so framed as to involve a strong implication of the existence of certain facts, or a negative pregnant indicating a denial of them; in either of which cases it might be important and material that the adverse party should have the benefit of such disclosure or denial. Nor is it uncommon in the trial of cases that a party says or does something in the presence of the jury which may properly influence their minds in relation to the case. If a witness should be examined on the stand, the mode in which questions were framed and put would certainly be open to observation. The same rule is applicable where the interrogatories are in writing. *Exceptions overruled*